■ MARIAN REMPE, Respondent, v. ALLAN W. BETTS et al., as Temporary Administrators of the Estate of VINCENT ASTOR, Deceased, Doing Business as HOTEL ST. REGIS, Appellants-Respondents, and NATIONAL HOUSE CLEANING

CONTRACTORS, INC., Appellant.— In an action by a patron of a beauty salon located in a hotel to recover damages for personal injuries from the owner and operator of the hotel and a cleaning company with which the hotel owner had a contract for the cleaning of the hotel, the hotel owner served a cross complaint for judgment over against the cleaning company, alleging that if the patron recover, the cleaning company would be primarily responsible because of its active negligence. The jury rendered a verdict in favor of the patron against the hotel owner and the cleaning company, and a judgment was entered thereon. Subsequently the court granted judgment over in favor of the hotel owner on his cross complaint, and the judgment was amended accordingly. The hotel owner and the cleaning company appeal from the original judgment and the amended judgment insofar as each judgment is against them respectively. After the appeals had been taken, but before submission, the hotel owner died. By stipulation his representatives have been substituted in his place, and the title of the action has been amended accordingly. Appeals from original judgment dismissed, without costs. The original judgment was superseded by the amended judgment. Amended judgment reversed on the law and the facts, with separate bills of costs to the appellant and the appellants-respondents, payable by respondent, and amended complaint and cross complaint dismissed. Respondent slipped and fell in a hallway of the hotel, as she was on her way to the beauty salon. The accident occurred at about 2 o'clock in the afternoon. The floor at the place where she fell had a terrazzo surface, and respondent's claim was that, in the cleaning of the floor some 13 hours before, a residue of soapy water used in the cleaning was permitted to remain on the floor, and that this caused her to slip. The cleaning had been done by an employee of the cleaning company. In our opinion, no evidence was adduced to support a finding that soap or a residue of soapy water was on the floor or that there was any condition on the floor attributable to negligence in the cleaning work. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.